## ROOT *v.* THIRD AVE. R. CO.

*(Circuit Court, S. D. New York.   July 8, 1889.)*

1. **PATENTS FOR INVENTIONS—CABLE-GRIP—INFRINGEMENT.**
   Letters patent No. 160,757, granted to William Eppelsheimer, March 16, 1875, are for "an improvement in clamp apparatus for connecting street-cars, etc., with endless traveling devices," (cable-car grip.) Claim 2 is as follows: "In combination with the lower jaw, I, the transverse bar, O, with its vertical rope supporting pulleys, P, substantially as described,"—the transverse bar being simply a pulley carrier. *Held* infringed by defendant's device, which is the same combination except that there is no transverse bar, the lower jaw taking its place as a pulley carrier, the pulleys being connected with the lower jaw instead of the upper, as in the patent, and except a merely formal difference in the movement of the lower jaw.

2. **SAME—ANTICIPATION.**
   Complainant's patent, construed as a combination in which the jaw and transverse bar are substantially such as are described, and in which the pulleys and jaw co-act by the same mode of operation to perform their function, is not anticipated by the Hallidie patent No. 129,130, granted July 16, 1872, which embraces the jaws and transverse bar, and in which the jaws are moved towards each other by means of a wedge and hand-wheel.

In Equity.   Bill for infringement of patent.
*George Harding* and *George J. Harding,* for complainant.
*Frost & Coe* and *Harry E. Knight,* for defendant.

WALLACE, J.   The patent in controversy in this suit is No. 160,757, granted to William Eppelsheimer, March 16, 1875, for "improvement in clamp apparatus for connecting street-cars, etc., with endless traveling devices." The complainant alleges that the defendant has infringed the second claim of this patent. The claim is as follows:

"(2) In combination with the lower jaw, I, the transverse bar, O, with its vertical rope-supporting pulleys, P, substantially as described."

This claim is for a combination, in a gripping device for connecting a street-car or other vehicle with an endless moving rope or cable for propelling the vehicle along the track, which consists of two elements: (1) a movable jaw; and (2) a transverse bar carrying pulleys. The specification describes and the drawings show a gripping device provided with two jaws, one fixed and one movable, the lower one of which is caused by suitable mechanism operated from the car to advance towards the other and grip a cable moving upon pulleys between them, and to recede and release the cable. The transverse bar, O, described and illustrated, has vertical rope supporting pulleys, one at each end, so located and arranged that the movable jaw can be raised and lowered between them, and carry the cable resting on the pulleys into contact with the fixed jaw when it is raised, and release it when the jaw is lowered, so that the cable will rest upon the pulleys. The bar is a longitudinal frame, to which the pulleys are journaled and held in a fixed relation to the movable jaw. This bar may be connected with the movable jaw, so as to be partially rotated by the movement of the jaw as it advances to or recedes from the upper jaw; but this feature may be dispensed with, and it may be secured immovably to the fixed jaw. The lower, movable jaw and the transverse bar with the pulleys, constructed and arranged substantially as thus described, are the elements of the claim. The function of the devices in this combination is to enable the pulleys to support and carry the cable when the jaw is lowered, and hold the cable in such a relation to the two jaws that the lower jaw, when raised again, will restore its contact with the upper or fixed jaw. The combination is confined to parts which co-act when the movable jaw is lowered. The patentee was not the first to employ a jaw and pulleys as parts of a gripping device for propelling the vehicle by an endless cable, constructed and arranged so that the pulleys support and carry the cable when the jaw is opened, and hold the cable in such relation to the jaw that it is removed from the pulleys to the jaw by the closing of the jaw. A combination of these parts, having these functions, is described and shown in the patent to Andrew S. Hallidie, No. 129,130, granted July 16, 1872. The gripping-jaws of this patent are moved towards or from each other by means of a wedge actuated by a hand-wheel. The pulleys are oblique, (two at each end of the jaws,) operate in pairs, and are carried by a transverse bar. When it is desired to stop the vehicle the wedge is lowered sufficiently to free the jaws from the rope without dropping it from the pulleys. The rope will then be carried by the pulleys at its ordinary speed, ready to be gripped when the wedge is lifted by turning the hand-wheel, and the jaws are forced together. The Hallidie patent is the nearest anticipation of the invention claimed which is shown in the prior state of the art as exhibited in the record. Except as showing devices which perform in combination the function of the combination of the claim, it is of no value. The other patents in the record, which have been adduced by the defendant for the purpose of negativing novelty, do not merit attention. It is apparent from the Hallidie patent alone that the claim in controversy does not extend to

every combination of pulleys and releasing jaw which will perform the functions mentioned. Consequently the claim is limited by the construction impressed upon it by the prior state of the art, as well as by its reference to the specification to a combination in which the jaw and transverse bar are substantially such as are described, and in which the pulleys and jaw co-act by the same mode of operation to discharge the function assigned to them.

The real question in the case is whether the gripping devices of the defendant, which discharge the same functions, are substantially those of the patent. The gripping device of the defendant has no transverse bar as a distinct and independent element of the combination, but the lower jaw itself supports the pulleys. The lower jaw is the movable jaw, and when raised or lowered carries the pulleys with itself towards or from the fixed jaw. The pulleys are one at each end of the jaw, and have their upper faces on a plane above the jaw. When the two jaws are in contact the fixed jaw rests upon the lower jaw between the two pulleys, and the seat of the fixed jaw is below the plane of the upper faces of the pulleys. When the movable jaw is lowered, the cable is released from the grip of the fixed jaw, and rests wholly upon the pulleys; and when this jaw is raised again the cable resting on the pulleys is held by the grip of the two jaws. Plainly the lower jaw does the work of the transverse bar, and also of the lower jaw, of the complainant's patent. The doubt is whether it should be considered as embodying both a jaw and a transverse bar, or should be deemed a single device which dispenses with one element of the combination claimed. If the claim had been one for the lower jaw and the pulleys, substantially as described, it would have appropriately specified the combination described in the patent, and would have covered in terms the combination of the defendant. The transverse bar of the patent is nothing but a pulley carrier. The movable jaw of the defendant's apparatus is a pulley carrier, besides being a jaw. It supports the pulleys in the requisite location as respects the fixed jaw, which is the only office of the transverse bar of the patent. If the transverse bar of the patent had been called a "pulley carrier" in the claim, the movable jaw of the defendant's apparatus would answer the descriptive term. The lower jaw of the defendant's combination does the work of transferring the cable from the gripping jaws to the pulleys, and enables the pulleys to support and carry the cable when the jaw is lowered, and hold it in such a relation to the two jaws that the lower jaw, when raised again, will restore the contact of the cable with the upper or fixed jaw, precisely as does the lower jaw of the combination of the patent. The only difference between the two gripping devices is that the pulleys in the defendant's device are connected with the movable jaw, while in the device of the patent they are connected with the fixed jaw, and in the patented devices the movement of the lower jaw to release the cable is a vertical movement both as respects the fixed jaw and the pulleys, while in the defendant's apparatus the movement of the lower jaw is a vertical movement as respects the fixed jaw, but not as respects the pulleys. These are merely formal differences. They

do not involve any inventive thought, and are immaterial as respects the function and mode of operation of the parts of the combination. The usual decree for an injunction and accounting is ordered for the complainant.